IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SAMANTHA DORINDA LOPEZ,

    Petitioner,

vs.                                           5:97cv39\RH-1\SMN

SAL SEANEZ, Warden,
Federal Correctional, Marianna,
Florida,

    Respondent.
_____/

### PETITIONER'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

**COMES NOW** the Petitioner, **SAMANTHA DORINDA LOPEZ,** by and through her undersigned attorney, and pursuant to the Report and Recommendation rendered March 25, 1999 order, hereby submits her Objections to the Magistrate's Report and Recommendation. Based on the authority and argument set forth below, Petitioner respectfully submits that she has sufficiently demonstrated entitlement to this Court's issuance of a writ of habeas corpus, directing that the United States Parole Commission re-consider her eligibility for parole in accordance with the relevant provisions of statutory, decisional, and regulatory law. As grounds for support of the issuance of the writ, the Petitioner states the following objections to said report:



17

## I. Petitioner Was Not Provided Notice Required By 18 U.S.C. § 4206(C)

In the Magistrate's Report and Recommendation, the Judge incorrectly determined that the National Commissioner's Notice of Action of January 12, 1993 helped to provide adequate notice of the particular reasons relied upon by the Commission in making its decision.  However, in this notice, the Commission failed to furnish the Petitioner with the statutorily required level of information as is required by 18 U.S.C. § 4206(C).  This deprived the Petitioner of her right to due process, because, without proper notice, she could not provide informed comment to the Commission. Evans v. Dillahunty, 662 F.2d 522 (8th Cir. 1981).  Furthermore, as noted in the Petitioner's Reply Brief, this lack of notice also precluded the Petitioner from seeking review of their action for abuse of discretion.  See Brach v. Nelson, 472 F. Supp (D.C. Conn. 1979).

## II. The Commission Failed to Comply With 18 U.S.C. § 4207

The Report and Recommendation also incorrectly asserts that it was proper for the Commission to take into consideration various newspaper articles and letters from her attorney.

The United States Parole Commission must confine the information used in making decisions to only "relevant information concerning the prisoner as may be reasonably available." Tobin v. Martin, 809 F.2d 1544 (11th Cir. 1987).  The letter, as originally written, was "on behalf of the Petitioner's Application for Parole."  Therefore, the Commissions' attempt to alter the intended meaning of the letter would render it irrelevant to the situation at hand.

The newspaper articles used by the Commission are, likewise, irrelevant and

unreliable. Whereas the Commission is no t precluded from using hearsay, it is restricted to reliable sources. Newspaper articles are of such an opinionated nature which renders them very unreliable, and far below the "reasonably reliable information" standard as contemplated by the statute. Marshall v. Garrison, 659 F.2d 440, 446 (4th Cir. 1981).

In the Report and Recommendation ruling on this point, the Magistrate Judge relies heavily upon those reports discussed in I. above which are themselves, as mentioned above, a violation of the Petitioner's rights.

### III. The Commission Failed to Comply With 28 C.F.R. § 2.20, Ch. 13, Subch. A, note 4

Finally, the Petitioner objects to the recommendation that the Commission complied with 28 C.F.R. § 2.20, Ch. 13, Subch. A, note 4. The applicable statute reads that:

> The prisoner is to be held accountable for his own actions and actions done in concert with others; however, the prisoner is not to be held accountable for activities committed by associates over which the prisoner had no reasonable control and could not have been reasonably expected to foresee.

There is no possible evidence which the Commission can show, with any degree of reasonableness, that the Petitioner had control and foreseeability over the air piracy from within prison. The facts that she was imprisoned at the time of the air piracy and unaware of the means by which the helicopter was obtained shows enough lack of evidence to free the petitioner of accountability of the actions of another.

**Wherefore**, in light of the foregoing Objections, the Petitioner respectfully requests that this Court issue a Writ of Habeas Corpus, directing the United States

Parole Commission to re-consider her eligibility for parole.

Respectfully Submitted

Bernard F. Daley, Jr.
901 N. Gadsden St.
Tallahassee, Fl 32303
(850)224-5823
Florida Bar No. 263141

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing Objections has been sent by certified U.S. mail to the following: U.S. Magistrate Judge Susan Novotny, Michael P. Finney, Assistant U.S. Attorney, 114 East Gregory Street, Pensacola, Florida, 3501-4972, this 2 day of April 1999.

Bernard F. Daley, Jr.